IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


IN RE INTEREST OF KE'SHAUN T.


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


IN RE INTEREST OF KE'SHAUN T., A CHILD UNDER 18 YEARS OF AGE.

STATE OF NEBRASKA, APPELLEE

V.

KE'SHAUN T., APPELLANT


Filed April 11, 2017.    No. A-16-677.


Appeal from the Separate Juvenile Court of Douglas County: CHRISTOPHER KELLY, Judge. Affirmed.

Thomas C. Riley, Douglas County Public Defender, and Ryan T. Locke for appellant.

Donald W. Kleine, Douglas County Attorney, and Kati Kilcoin for appellee.


PIRTLE, BISHOP, and ARTERBURN, Judges.

ARTERBURN, Judge.

## INTRODUCTION

Ke'Shaun T. appeals an order of the juvenile court wherein his juvenile record was not sealed. On appeal, Ke'Shaun argues that the juvenile court erred in not ordering Ke'Shaun's record to be sealed. For the reasons set forth below, we affirm.

## BACKGROUND

On December 16, 2014, the State filed a Petition in juvenile court alleging Ke'Shaun was a child within the meaning of Neb. Rev. Stat. § 43-247(1) (Reissue 2008) based on an allegation of disturbing the peace. On January 9, 2015, Ke'Shaun admitted to the petition. The juvenile court

- 1 -

accepted Ke'Shaun's admission to the allegation and proceeded immediately to disposition. The court ordered that Ke'Shaun be placed on intensive supervised probation and committed to the Youth Rehabilitation and Treatment Center (YRTC) in Kearney, Nebraska. The court further ordered that a review hearing would be held upon discharge or when necessary to consider Ke'Shaun's reentry plan and conditions of probation.

A reentry hearing was held on June 9, 2016. The court received evidence and heard arguments from the parties. The parties agreed that once Ke'Shaun completed the program at YRTC, he would move to the home of his mother in Texas. Ke'Shaun was eligible for release within 30 to 45 days of the hearing. The court stated that it typically maintained a juvenile on probation for a short period of time after release from YRTC to give the juvenile an opportunity to assimilate and demonstrate good citizenship. Contrary to the recommendations of the State, the court opined that it would not make sense to keep Ke'Shaun on probation in Nebraska while he was residing in Texas. The court determined that upon release, the jurisdiction of the juvenile court would automatically terminate. The court also determined that no finding could be made at that time regarding successful completion of probation given Ke'Shaun's mixed performance while at YRTC. As a result, the court declined to act on Ke'Shaun's request that the record be sealed at that time. The court stated Ke'Shaun would have the opportunity to have his records sealed at a later point in time if he demonstrated he had not been in further trouble. On June 29, 2016, the court terminated jurisdiction over the case and terminated probation. No order was entered regarding the issue of sealing the record.

ASSIGNMENT OF ERROR

Ke'Shaun asserts the juvenile court erred in not ordering his record to be sealed.

STANDARD OF REVIEW

An appellate court reviews juvenile cases de novo on the record and reaches a conclusion independently of the juvenile court's findings. *In re Interest of Darryn C.*, 295 Neb. 358, 367, 888 N.W.2d 169, 174 (2016).

ANALYSIS

Ke'Shaun argues that the juvenile court erred in not ordering his record to be sealed. Restated and reordered, Ke'Shaun argues the juvenile court did initiate proceedings to seal the record, but erred in not ordering his record to be sealed based on Ke'Shaun's successful completion of the terms of his probation. He further argues that the juvenile court's decision did not comport with the rehabilitative purposes of the juvenile code. Upon our review, we find that Ke'Shaun's assertions lack merit.

Neb. Rev. Stat. §§ 43-2,108.01 to 43-2,108.05 (Reissue 2008) set forth the requirements and procedures for sealing a juvenile record. Neb. Rev. Stat. § 43-2,108.01 (Reissue 2008) provides that a juvenile is eligible to have their record sealed if the juvenile was under the age of 18 at the time the offense occurred and a juvenile court petition was filed describing the juvenile within subdivision (1), (2), (3)(b), or (4) of section 43-247. Further, Neb. Rev. Stat. § 43-2,108.03(5) (Reissue 2008) states:

If a juvenile described in section 43-2,108.01 has satisfactorily completed such juvenile's probation, supervision, or other treatment or rehabilitation program provided under the Nebraska Juvenile Code or has satisfactorily completed such juvenile's diversion or sentence in county court:

(a) The court may initiate proceedings pursuant to section 43-2,108.04 to seal the record pertaining to such disposition or adjudication under the juvenile code or sentence of the county court; and

(b) If the juvenile has attained the age of seventeen years, the court shall initiate proceedings pursuant to section 43-2,108.04 to seal the record pertaining to such disposition or adjudication under the juvenile code or diversion or sentence of the county court. . . .

Neb. Rev. Stat. § 43-2,108.04 (Reissue 2008) sets forth the procedure for initiating proceedings to seal the record. When proceedings to seal the record are initiated, the court shall promptly notify the county attorney or city attorney involved in the case that is the subject of the proceeding to seal the record of the proceedings. Neb. Rev. Stat. § 43-2,108.04. The county attorney may file a response with the court within 30 days after receiving the notice. *Id.* If the county attorney does not object to the sealing of the record, the court may order the record of the juvenile sealed without conducting a hearing, or decide in its discretion to conduct a hearing on the motion. *Id.*

The Supreme Court of Nebraska detailed the procedures for sealing a juvenile record in *In re Interest of Candice H.*, 284 Neb. 935, 939, 824 N.W.2d 34, 37 (2012). In *Candice H.*, the court determined that the juvenile court erred in sealing the juvenile's record because it did not follow the statutorily prescribed measures set forth in Neb. Rev. Stat. §§ 43-2,108.01 to 43-2,108.05. *Id.* The court stated that it is within the discretion of the juvenile court to initiate a proceeding to seal a record when the juvenile is under the age of 17. *Id.* The juvenile court must initiate a proceeding to seal a record when the juvenile reaches the age of 17. *Id.*

Upon our de novo review, there is nothing in the record to indicate that a proceeding to seal Ke'Shaun's record was initiated. The juvenile court declined to initiate the procedure to seal the record during the reentry hearing. Since Ke'Shaun was 16 at the time of the reentry hearing and termination order, it was within the discretion of the juvenile court to determine whether the procedure to seal Ke'Shaun's record should be initiated. Neb. Rev. Stat. § 43-2,108.04 provides that notice must be given to the county attorney involved in the matter. The county attorney then has 30 days to file a response with the court. There is no record of either filing in this matter. While Ke'Shaun attempted to have the juvenile court initiate the proceedings to seal his record during the reentry hearing, the juvenile court declined to take up the matter at that time.

Ke'Shaun cannot successfully argue that the juvenile court erred by failing to seal his record where the juvenile court was never properly presented that issue in accord with the statutorily prescribed procedure. The juvenile court did not err in refusing to make a decision on whether Ke'Shaun's record should be sealed at the time of the reentry hearing and at the time it terminated jurisdiction. While the juvenile court to some degree addressed the merits of Ke'Shaun's invitation to immediately seal the record, it was not required to do so, based solely on

Ke'Shaun's oral motion. Ke'Shaun's argument that the juvenile court properly initiated a proceeding to seal the record is without merit.

We need not discuss the other arguments asserted by Ke'Shaun because we conclude that the proper procedures to initiate the proceedings to seal a record were never commenced. An appellate court is not obligated to engage in an analysis which is not needed to adjudicate the controversy before it. *In re Interest of Anjelica L.*, 277 Neb. 984, 1012, 767 N.W.2d 74, 96 (2009).

## CONCLUSION

We conclude that the juvenile court did not err in declining to initiate the proceedings to seal Ke'Shaun's record. We affirm the decision of the juvenile court.

AFFIRMED.